ARTHUR L. REUTER, ESQ. Town Attorney, Germantown
We acknowledge receipt of your letter in which you state that your town contemplates erecting a new town hall and garage and depot for town equipment. You inquire whether it would be permissible to enter into a contract, without public bidding, under which the other contracting party would prepare acceptable designs and would agree to provide the material and labor and supervise the construction of the building for a stated amount with a provision in the contract that the several separable portions of the total building contract would be subject to competitive bidding and, if no bids were received lower than the original contractor's agreed price, that contractor would do the work at the original agreement price or, at his option, the town could accept the lowest bid and the original contractor would reimburse the town for the overage between the original contract price and the low bid; on the other hand, if the lowest bid came in lower than the original contract figure, the work would be awarded to that low bidder and a portion of the difference between the original bid and the low bid would be awarded the original contractor.
In our opinion, the portion of any such agreement which would relate to public work and purchase contracts is subject to the requirement of public advertising for bids if the cost is over the statutory amounts and the initial contract could be awarded only after such advertising; the impropriety of entering into the initial contract without bids could not be overcome by subsequent public bidding for separate elements of the work. An agreement such as you describe would violate the provisions of Town Law, §122, and General Municipal Law, § 103.